IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11, Subchapter V |
| SERENITY HOMES OF TN LLC ) | Case No: 3:23-bk-01049 |
| ) | Judge Walker |
| Debtor. ) | |
| ) | |
| ) | |
| PNC BANK, NATIONAL ASSOCIATION ) | |
| Movant, ) | |
| v. ) | |
| ) | |
| SERENITY HOMES OF TN LLC, and ) | |
| MICHAEL GEOFFREY ABELOW, ) | |
| TRUSTEE ) | |
| Respondents. ) | |

## DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY

The Debtor, through undersigned counsel, hereby responds and opposes the *Motion for Relief from Automatic Stay* (the "Motion for Relief") [Docket No. 28] filed by PNC Bank, National Association ("PNC"). In support of the opposition, the Debtor states as follows:

1. The Debtor's case was filed as a Chapter 11 case on March 22, 2023.

2. PNC appears to be the holder of a note and a secured claim by virtue of a perfected Deed of Trust in real estate located at 1356 Hwy 259, Portland, Tennessee 37148 (the "Subject Real Estate") in which the Debtor has an ownership interest.

3. According to PNC's own statements, the Subject Real Estate has an equity cushion more than $200,000 above PNC's lien amount. (*See* Mtn. ¶¶ 5-8). Thus, PNC has failed to sufficiently allege cause under 11 U.S.C. § 362, and it will be woefully deficient in establishing such cause at a hearing on the Motion for Relief.

4. Further, on June 21, 2023, and since the filing of the Motion for Relief, the Debtor filed its original *Chapter 11 Plan of Reorganization* [Docket No. 31] (the "Plan"). The Plan provides for PNC to have an allowed secured claim in the full amount of its proof of claim and proposes for such claim to be paid in full through a marketed sale of the Subject Property. (*See* Plan, Art 4.01, Docket No. 31, pp. 5-6).

5. The Debtor submits that granting relief from the automatic stay is not warranted and, in fact, doing so could be to the detriment of the Debtor and the other creditors by jeopardizing plan performance.

6. Accordingly, relief from the automatic stay under 11 U.S.C. § 362(d) is not warranted and, the treatment presently provided in the Plan as well as the equity in the Subject Property serves to adequately protect PNC's interest therein.

**WHEREFORE**, based upon the foregoing, the Debtor asks that a hearing be held on the Motion for Relief and that PNC's request be denied at such hearing.

Respectfully submitted,

*/s/ Gray Waldron*
GRAY WALDRON
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, TN 37212
629.777.6519
gray@dhnashville.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of June, 2023, I served a copy of the foregoing in the following manner:

***Email by Electronic Case Noticing to:***

Asst. U.S. Trustee
Michael G. Abelow, Subchapter V Trustee
Jodie Thresher, Esq., Attorney for PNC Bank, National Association

*/s/ Gray Waldron*
GRAY WALDRON